IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

## STATE OF TENNESSEE v. MACK C. STONE

**Appeal from the Criminal Court for Davidson County**
**Nos. 91-D-2338, 92-A-556     Cheryl Blackburn, Judge**

---

**No. M2016-00273-CCA-R3-CD – Filed July 22, 2016**

---

The defendant, Mack C. Stone, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 1992 Davidson County Criminal Court guilty-pleaded convictions of the sale of cocaine. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Mack. C. Stone, Manchester, Kentucky, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Nathan McGregor, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, who is currently incarcerated in a federal correctional institution in Manchester, Kentucky, pleaded guilty in the Davidson County Criminal Court to the conviction offenses on May 1, 1992, in exchange for concurrent sentences of eight years' incarceration. On February 6, 2015, the defendant moved the trial court under Rule 36.1 to deem the concurrent alignment of his eight-year sentences illegal and permit him to withdraw his guilty pleas. He argued that because he was on bail for the drug charge in case number 91-D-2338 when he committed the drug offense in case number 92-A-556, the Code mandated consecutive alignment of the resulting sentences.

On July 1, 2015, the trial court entered a preliminary order on the defendant's motion, finding that the indigent defendant had stated a colorable claim for

relief and appointing counsel to represent the petitioner. The court also ordered the State to respond to the defendant's allegations and set the matter for an evidentiary hearing. On December 7, 2015, the trial court ordered the defendant to address within five days the merits of his claims in light of the Tennessee Supreme Court's decisions in *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015), and *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), both of which opinions were filed on December 2, 2015. On January 19, 2016, the trial court entered an order summarily dismissing the defendant's Rule 36.1 motion on grounds that the defendant's sentences "expired years before he filed his pro se motion in February 2015."

In this appeal, the defendant argues that the trial court erred by summarily dismissing his motion, reiterating his claim that the illegal concurrent alignment of his sentences entitles him to Rule 36.1 relief. The State asserts that summary dismissal was appropriate because the defendant's sentences, even if they were illegal, have expired.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Although Rule 36.1 purports to allow for the correction of an illegal sentence "at any time," *see* Tenn. R. Crim. P. 36.1, our supreme court has concluded that "the phrase 'at any time' has no bearing on whether Rule 36.1 authorizes relief from expired illegal sentences" but instead "conveys two other important, but unrelated, principles: (1) an illegal sentence may be corrected 'at any time, *even if [the sentence] has become final*,' and (2) Rule 36.1 motions, like habeas corpus petitions, are not subject to any statute of limitations." *State v. Brown*, 479 S.W.3d 200, 210 (Tenn. 2015). The high court ultimately held "that Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion

-2-

may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id*. at 211.

In this case, the defendant pleaded guilty in exchange for an eight-year sentence in 1992. The defendant was released on probation in January 1993, and his probation was revoked in April 1994. Clearly, the defendant's sentences expired long before he filed the Rule 36.1 motion. In consequence, the trial court did not err by summarily dismissing the motion.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE